925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond QUIGLEY, Plaintiff-Appellant,
v.
George WILSON, John Wigginton, Department of Corrections,
Classification Committee, Two Unknown, Warden,
Kentucky State Penitentiary, Director,
Corrections Cabinet,
Defendants-Appellees.
 No. 90-5831.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Quigley, a pro se federal prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages, Quigley sued the Kentucky Corrections Cabinet as well as various department of corrections employees in their official and individual capacities. He asserted that his due process rights under the fourteenth amendment to the Federal Constitution were violated in March 1985 when he was transferred from the custody of the Kentucky Corrections Cabinet to the Florida Department of Corrections pursuant to the Interstate Corrections Compact, Ky.Rev.Stat. Sec. 196.610. He alleges that defendants failed to follow Kentucky department of corrections policies and procedures in effectuating his transfer of custody.
 
 
 3
 After de novo review of the magistrate's reports in light of Quigley's objections, the district court dismissed the action. The district court found that Quigley's claims against the Kentucky Corrections Cabinet and defendants in their official capacity were barred by the eleventh amendment doctrine of sovereign immunity. The district court also dismissed Quigley's claims against defendants in their individual capacity, finding that Quigley was not denied due process in connection with his transfer from Kentucky to Florida.
 
 
 4
 Upon review, we shall affirm the district court's judgment. Review of the record demonstrates that the district court properly granted summary judgment for defendants because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 First, Quigley's claims for damages against the Kentucky Corrections Cabinet and corrections employees in their official capacity is barred by the eleventh amendment. Kelley v. Metropolitan County Bd. of Educ. of Nashville and Davidson County, Tenn., 836 F.2d 986, 988-95 (6th Cir.1987), cert. denied, 487 U.S. 1206 (1988). Moreover, the defendants are clearly not subject to suit for monetary damages in their official capacity under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 6
 Second, Quigley is not entitled to damages from defendants in their individual capacity because his out-of-state transfer did not deprive him of due process. Quigley's transfer from Kentucky to Florida did not deprive him of due process because a prisoner has no inherent constitutional right to placement in any particular prison or state. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Further, the hearing regarding Quigley's out-of-state transfer afforded him procedural due process. Hewitt v. Helms, 459 U.S. 460, 476 (1983). Finally, Quigley's transfer did not violate the applicable Kentucky prison policies and procedures regarding out-of-state transfers. Quigley's transfer clearly fell within the applicable policies and procedures as the record clearly shows that the ground for Quigley's transfer not only involved his own safety but also implicated prison security concerns.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.